# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD W. BREINHOLT, and SUSAN L. BREINHOLT, <br><br> Plaintiffs, <br><br> vs. <br><br> AEGIS WHOLESALE CORPORATION, a Corporation, ONEWEST BANK, formerly INDYMAC FEDERAL BANK, FSB, a Bank, TRI-COUNTY PROCESS ERVING, LLC, a Limited Liability Corporation, a Corporation, PIONEER LENDER TRUSTEE SERVICES, LLC, a Limited Liability Corporation, MORTGAGE ELECTRONIC REGISTRATION SERVICES (MERS); TITLE ONE CORPORATION, JENNIFER TAIT, ROBINSON TAIT, P.S. (Law Firm) JOHN and JANE DOES IV, CORPORATIONS VI-X, and ABC PARTNERSHIPS XI-XV, <br><br> Defendants. | CASE NO.: 10-CV-466-EJL <br><br><br> **MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter are numerous motions filed by the parties. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Background

Plaintiffs Richard Breinholt and Susan Breinholt (collectively referred to as "the Breinholts") filed their complaint on September 10, 2010 against the following defendants: Aegis Wholesale Corporation, OneWest Bank FSB, Tri-County Process Serving, LLC, Regional Trustee Services Corporation, Pioneer Lender Trustee Services, LLC, Mortgage Electronic Registration Systems ("MERS"),Title One Corporation, Jennifer Tait, Robinson Taid, P.X. and John Does. To date, not all the Defendants have appeared.

The Breinholts filed this action as pro se litigants. The Complaint alleges subject matter jurisdiction over the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 38A and federal foreclosure law. Plaintiff demands Defendant (but does not identify which defendant) to surrender the instrument related to the foreclosure action. It appears the Plaintiffs want the Defendants to produce the original promissory note, mortgage and other loan documents related to the real property located at 1976 E. Star Lane, Meridian, Idaho. Plaintiffs appear to object to Defendants proceeding with non-judicial foreclosure without proving they are the true creditor and real party in interest. Plaintiffs allege Defendants (not certain which defendants) have committed fraud in their dealings with Plaintiff. Plaintiff seeks a temporary restraining order to stop foreclosure proceedings and request clear title to their home and $25,000 in legal fees, and over $10,000,000 in Truth in Lending violations.

Defendants Tri County Process Serving, LLC, OneWest Bank FSB and Title One Corporation have filed motions to dismiss (Dkt. Nos. 14, 19, 32). Plaintiffs have filed a

**MEMORANDUM ORDER - 2**

motion for preliminary injunction (Dkt. No. 2), motion to consolidate (Dkt. No. 22) this case with another case they filed, *Breinholt v. Popular Warehouse Lender, et al*, civil case number 10-587-S-EJL, and a motion to stay the case pending resolution of the motion to consolidate (Dkt. No. 25). Plaintiffs did not file any responses to the motions to dismiss.

## Standard of Review for Motions to Dismiss

A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *See Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). While amendments are liberally permitted under Rule 15(a), the district court may deny leave to amend when there has been an undue delay in bringing the motion, and the opposing party would be unfairly prejudiced by the amendments. *See United States v. Pend Oreille Public Utility Dist. No. 1*, 28 F.3d 1544, 1552-53 (9th Cir. 1994).

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Branch v. Tunnell*, 14 F.3d

**MEMORANDUM ORDER - 3**

449, 453 (9th Cir. 1994). If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment governed by Fed. R. Civ. P. 56. *See Jacobsen v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995).

But as *Branch* makes clear, there are times when documents other than the pleadings can be considered without converting a motion to dismiss into a motion for summary judgment. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch*, 14 F.3d at 453.

The Court's review of the motion to dismiss is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991). However, the Court reminds the Plaintiffs that pro se litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Because the Plaintiffs did not file a response to any of the motions to dismiss and were sent multiple "Notices to Pro Se Litigants of the Summary Judgment Rule Requirement," the Court may deem the failure to respond as consent to granting of the motion to dismiss. Dist. Idaho Loc. Civ. R. 7.1. A motion to dismiss can be granted for failure to comply with local rules. *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995). The Ninth Circuit has set forth the factors to be weighed in dismissing a case:

> Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Id.* at 53 citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

A federal court may take judicial notice of state court proceedings that are of public record and consider such proceedings without converting a motion to dismiss into a motion for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno county*, 547 F.3d 943, 955 (9th Cir. 2008). The court may also consider recorded real estate documents without converting the motion to a motion for summary judgment. *United States v. Richie*, 342, F.3d 903, 907-08 (9th Cir. 2003).

Analysis

1. Tri-County Process Serving, LLC's Motion to Dismiss

Defendant Tri-County Process Serving, LLC ("Tri-County") moves the Court to dismiss the action based on insufficient service of process pursuant to Fed. R. Civ. P. 4(m) and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Tri-County alleges Plaintiffs have failed to serve a copy of the complaint from this action upon them. Tri-County also alleges Plaintiffs fail to allege any facts about how Tri-County was involved in any of the loan or foreclosure process that would subject Tri-County to liability. Plaintiffs did not file a response to the motion to dismiss.

In applying the *Ghazali* dismissal factors to the present case, the Court finds the claims raised in the Complaint are not based on action or failure to act by the process

**MEMORANDUM ORDER - 5**

server. Naming Tri-County as a Defendant is frivolous and without merit. It appears the Plaintiffs are attempting to harass a party they know was not involved in the decisionmaking process on their loan and foreclosure proceedings on the Star Lane property. It is in the public's interest to have meritless claims dismissed in a timely manner and there does not appear to be a less drastic sanction for Plaintiffs naming Tri-County as a defendant. Furthermore, the Plaintiffs have not responded to the insufficient service argument raised by Tri-County. For these reasons, Tri-County's motion to dismiss will be granted.

2. OneWest Bank, FSB's Motion to Dismiss

Defendant OneWest Bank, FSB ("OneWest") moves to dismiss the Plaintiffs' Complaint due to Plainiffs' failure to state a claim upon which relief can be granted as the claims against OneWest have previously been resolved in an action in state court so the present claims are barred under the doctrine of *res judicata*. Plaintiffs did not respond to this motion.

It is undisputed that Plaintiffs' claims against OneWest in this lawsuit are the same or similar claims that were raised and dismissed with prejudice in the Ada County case, civil case no. CV-0C-0911351 wherein the Plaintiffs sued Aegis Wholesale Corporation, OneWest Bank, Pioneer Lender Trustee Services LLC Regional Trustee. It should be noted that Plaintiffs were represented by counsel when they stipulated to the dismissal of their state court complaint with prejudice. The state court judge entered the order dismissing the complaint with prejudice on October 6, 2010. The dismissal of the state

court action was approximately one month after the pro se federal action was filed on September 10, 2010 (Dkt. No. 1).

The Court adopts the factual background set forth in OneWest's motion regarding the Plaintiffs' refinancing of their home with Aegis Wholesale Corporation and the deed of trust being assigned to OneWest. The Plaintiffs defaulted on the underlying loan and OneWest foreclosed on the real property on May 21, 2009. It is undisputed that Plaintiffs' claims against OneWest in this lawsuit are the same or similar claims that were raised and dismissed with prejudice in the Ada County case, civil case no. CV-OC-2009-11361 wherein the Plaintiffs sued Aegis Wholesale Corporation, OneWest Bank FSB, Pioneer Lender Trustee Services, LLC, Regional Trustee Services Corporation, Tri-County Process Serving. The Court also adopts OneWest's summary of the claims of the related state court action set forth in the motion to dismiss.

The Court finds the three requirements of *res judicata* are satisfied in this action: party identity, identity of issues and a final judgment. *Farmers Nat'l Bank v. Shirey*, 878 P..2d 762, 767 (1994). Any new allegations or claims of recovery could have and should have been raised by Plaintiffs in their state court action. *Independence Lead Mines, Inc. v. Hecla Mining Co.*, 2007 WL 2769621 at *7-8 (D. Idaho 2007). Further, any claims pursuant to TILA are barred by the applicable statute of limitations. 15 U.S.C. § 1604(e). As to any claims in the Complaint for fraud, breach of fiduciary duty, or violation of Fair Debt Collections Act, the Court finds Plaintiffs have not provided legal authority to be able to recover on these claims since the TILA claims are time barred and the Breinholts' default on the underlying note for the Star Lane property is undisputed. While the

Breinholts may have liked Aegis Wholesale Corp to work with them on modifying their obligations, the fact remains the Breinholts point to no statutory authority that the Defendants had a legal obligation to take the action requested by the Breinholts.

In reviewing the record in this matter, the Court acknowledges the Breinholts' frustration in trying to work out a solution on their family home of thirty years, but when the Breinholts' investments failed to provide them with the necessary monthly income to make their loan payments, the lender was entitled to take action to foreclose the property and sell it to another party. However, just because, the state court action was dismissed with prejudice, does not create new rights for the Plaintiffs to seek a different outcome on their claims in federal court if such claims have been or should have been raised in the state court action.

In applying the *Ghazali* dismissal factors to this case because the Breinholts did not respond to the motions to dismiss, the Court finds all the factors weigh in favor of dismissing the action. The public interest in an expeditious resolution of the litigation is important in this case so the title is clear as to the Star Lane property and litigants who have had their day in court in state court do not get to re-litigate the same issues in federal court. The Court needs to manage its docket and Plaintiffs have not provided any reason for this Court not to grant the motions to dismiss certain Defendants. There is risk of prejudice to the Defendants if the doctrine of res judicata is not fairly applied by the courts and Plaintiffs have had the opportunity for a disposition on the merits when it filed the state court case regarding this property. Finally, the Court is not aware of less drastic sanctions that Plaintiffs are entitled to as a matter of law.

**MEMORANDUM ORDER - 8**

Accordingly, the claims against all defendants named in the state court action are dismissed from the federal action: Aegis Wholesale Corporation, OneWest Bank FSB, Pioneer Lender Trustee Services, LLC, Regional Trustee Services Corporation, Tri-County Process Serving.

3. Title One Corporation's Motion to Dismiss

Defendant Title One Corporation ("Title One') moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) as Title One was not the lender on the real property at issue, was not affiliated with Plaintiffs' lender, and did not otherwise have any involvement in the foreclosure process for the real property. The Plaintiffs did not file a response to the motion to dismiss this Defendant.

The Court agrees with Title One that Plaintiffs' Complaint is incomprehensible and fails to meet the pleading requirements of Fed. R. Civ. P. 8 in that the Plaintiffs do not specify what actions or omissions involve Title One. Title One indicates that it was not involved in the transactions with the Plaintiffs as an escrow or closing company.

The Court finds Title One is entitled to be dismissed from this action based on Plaintiffs' failure to plead the actual involvement of Title One in the facts of this loan and foreclosure process. Plaintiffs are advised that naming defendants who were not involved does open the door for sanctions to be awarded to such defendants and merely claiming the status of pro se litigants does not eliminate the need for Plaintiffs to comply with applicable rules. For good cause shown, Title One is dismissed based on Plaintiffs' failure to state a claim against Title One upon which relief could be granted.

**MEMORANDUM ORDER - 9**

4. Plaintiffs' Motion for Preliminary Injunction

Plaintiffs' motion for preliminary injunction is denied based on the dismissal of the majority of the named defendants, the Court finds Plaintiffs have not met their burden for injunctive relief.

Fed. R. Civ. P. 65(a) discusses the procedure to be followed on an application for a preliminary injunction. Broadly defined, a preliminary injunction is a judicial remedy that is issued to protect a plaintiff from irreparable harm while preserving the court's power to render a meaningful decision after a trial on the merits. Thus, a preliminary injunction may issue even though a plaintiff's right to permanent injunctive relief is not certain. The grant or denial of a preliminary injunction is a matter of the court's discretion exercised in conjunction with the principles of equity. *See, Inland Steel v. U.S.,* 306 U.S. 153 (1939); *Deckert v. Independence Shares Corp.,* 311 U.S. 282 (1940); and *Stanley v. Univ. of Southern California,* 13 F.3d 1313 (9th Cir. 1994).

While courts are given considerable discretion in deciding whether a preliminary injunction should enter, and injunctive relief is not obtained as a matter of right, it is also considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *See,* <u>Sampson v. Murray</u>*,* 415 U.S. 61(1974)*; Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co.,* 363 U.S. 528 (1960); and *Stanley v. Univ. of Southern California,* 13 F.3d 1313 (9th Cir. 1994).

The Supreme Court recently clarified the standard for a preliminary injunction to require a plaintiff to show "[1] he is likely to succeed on the merits, [2] that he is likely to

suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008) (citations omitted).

Speculative injury is insufficient to support a finding of irreparable harm. As the Ninth Circuit has stated,

> Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction . . . a plaintiff must do more than merely allege imminent harm to establish standing, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.

*Carribean Marine Service Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

In this case, the Court finds based on the dismissal of most of the named defendants, the Plaintiffs are unable to establish they are likely to succeed on the merits since the similar state court action was dismissed with prejudice, unable to suffer irreparable harm since it is unclear that the remaining defendants actually took any specific action or failed to act causing Plaintiffs' any actual harm, the balance of hardships does not tip in Plaintiffs' favor since the state court action resolved the majority of claims raised in this federal action, and Plaintiffs have not established an injunction is in the public interest since it appears undisputed that Plaintiffs defaulted on their obligations related to the loan and security on the real property at issue in this case. For all these reasons, Plaintiffs' motion for a preliminary injunction is denied.

**MEMORANDUM ORDER - 11**

5. Plaintiffs' Motions to Consolidate and for a Stay

Based on the rulings on the motions to dismiss and the motion for preliminary injunction, the motions to consolidate and for a stay are denied as being moot. The two cases involve different parcels of real property subject to different loans and the Court finds there is no reason to consolidate the cases.

Order

Being fully advised in the premises, the Court hereby orders:

1) Plaintiffs' motion for preliminary injunction (Dkt. No. 2) is DENIED.

2) Tri-County Process Serving, LLC's motion to dismiss (Dkt. No. 14) is GRANTED and Tri-County is DISMISSED FROM THIS ACTION.

3) OneWest Bank FSB's motion to dismiss (Dkt. No. 19) is GRANTED and the following defendants are DISMISSED FROM THIS ACTION: Aegis Wholesale Corporation, OneWest Bank FSB, Pioneer Lender Trustee Services, LLC, Regional Trustee Services Corporation, and Tri-County Process Serving.

4) Title One Corporation's motion to dismiss (Dkt. No. 32) is GRANTED and Title One is DISMISSED FROM THIS ACTION.

5) Plaintiffs' motion to consolidate and motion to stay (Dkt. Nos. 22 and 25) are DENIED AS MOOT.

DATED: **February 18, 2011**

Honorable Edward J. Lodge
U. S. District Judge