# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD W. BREINHOLT, and SUSAN L. BREINHOLT, | CASE NO.: 10-CV-466-EJL |
| Plaintiffs, | |
| vs. | **MEMORANDUM ORDER** |
| AEGIS WHOLESALE CORPORATION, a Corporation, ONEWEST BANK, formerly INDYMAC FEDERAL BANK, FSB, a Bank, TRI-COUNTY PROCESS ERVING, LLC, a Limited Liability Corporation, a Corporation, PIONEER LENDER TRUSTEE SERVICES, LLC, a Limited Liability Corporation, MORTGAGE ELECTRONIC REGISTRATION SERVICES (MERS); TITLE ONE CORPORATION, JENNIFER TAIT, ROBINSON TAIT, P.S. (Law Firm) JOHN and JANE DOES IV, CORPORATIONS VI-X, and ABC PARTNERSHIPS XI-XV, | |
| Defendants. | |

Pending before the Court in the above-entitled matter is Defendants Jennifer Tait ("Tait") and Robinson Tait, P. S.'s ("Robinson Tait") motion to dismiss pursuant to Fed. R. Civ. P. 12(b0(6). Dkt. No. 41. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Background

Plaintiffs Richard Breinholt and Susan Breinholt (collectively referred to as "the Breinholts") filed their complaint on September 10, 2010 against the following defendants: Aegis Wholesale Corporation, OneWest Bank FSB, Tri-County Process Serving, LLC, Regional Trustee Services Corporation, Pioneer Lender Trustee Services, LLC, Mortgage Electronic Registration Systems ("MERS"),Title One Corporation, Jennifer Tait, Robinson Tait, P.S. and John Does. To date, not all the Defendants have appeared.

The Breinholts filed this action as pro se litigants. The Complaint alleges subject matter jurisdiction over the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 38A and federal foreclosure law. Plaintiff demands Defendant (but does not identify which defendant) to surrender the instrument related to the foreclosure action. It appears the Plaintiffs want the Defendants to produce the original promissory note, mortgage and other loan documents related to the real property located at 1976 E. Star Lane, Meridian, Idaho. Plaintiffs appear to object to Defendants proceeding with non-judicial foreclosure without proving they are the true creditor and real party in interest. Plaintiffs allege Defendants (not certain which defendants) have committed fraud in their dealings with Plaintiff. Plaintiff seeks a temporary restraining order to stop foreclosure proceedings and request clear title to their home and $25,000 in legal fees, and over $10,000,000 in Truth in Lending violations.

The Court has previously dismissed Defendants Tri County Process Serving, LLC, OneWest Bank FSB, Regional Trustee Services Corporation, Pioneer Lender Trustee

**MEMORANDUM ORDER - 2**

Services, LLC, Aegis Wholesale Corporation, and Title One Corporation. Dkt. No. 36. Now Defendants Tait and Robinson Tait have filed a motion to dismiss claiming Plaintiffs have failed to state a claim against them as these defendants were only involved to the extent they provided legal representation to OneWest Bank and Regional Trustee Services Corporation in the related state court action. Tait and Robinson Tait argue Plaintiffs have failed to allege facts indicating what actions or omissions they committed (other than representing their clients who were dismissed in state court) that rise to the level of a legal claim. Alternatively, Tait and Robinson Tait argue there can be no claim against them as *res judicata* prevents claims against them since their clients (who Plaintiffs allege improperly foreclosed on their house) were dismissed from a related state court action. Plaintiff Mr. Breinholt acknowledges he named Tait and Robinson Tait due to their involvement with other named defendants in assisting the interference of plaintiffs receiving access to the original loan documents.

Standard of Review for Motions to Dismiss

A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *See Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation

**MEMORANDUM ORDER - 3**

of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). While amendments are liberally permitted under Rule 15(a), the district court may deny leave to amend when there has been an undue delay in bringing the motion, and the opposing party would be unfairly prejudiced by the amendments. *See United States v. Pend Oreille Public Utility Dist. No. 1*, 28 F.3d 1544, 1552-53 (9th Cir. 1994).

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment governed by Fed. R. Civ. P. 56. *See Jacobsen v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995).

But as *Branch* makes clear, there are times when documents other than the pleadings can be considered without converting a motion to dismiss into a motion for summary judgment. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch*, 14 F.3d at 453.

The Court's review of the motion to dismiss is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991). However, the Court reminds the Plaintiffs that pro se litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**MEMORANDUM ORDER - 4**

The Court begins by noting only Plaintiff Richard Breinholt filed a response to the motion to dismiss. Plaintiff Susan Breinholt did not file a response and Mr. Breinholt may not file on her behalf as he is not a lawyer. Accordingly, the Court finds Ms. Breinholt's failure to respond may be deemed her consent to the motion pursuant to Dist. Idaho Loc. Civ. R. 7.1. Moreover, a motion to dismiss can be granted for failure to comply with local rules. *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995). The Ninth Circuit has set forth the factors to be weighed in dismissing a case:

> Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Id.* at 53 citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

A federal court may take judicial notice of state court proceedings that are of public record and consider such proceedings without converting a motion to dismiss into a motion for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno county*, 547 F.3d 943, 955 (9th Cir. 2008). The court may also consider recorded real estate documents without converting the motion to a motion for summary judgment. *United States v. Richie*, 342, F.3d 903, 907-08 (9th Cir. 2003).

Analysis

In applying the *Ghazali* dismissal factors to the present case, the Court finds the claims raised against the defendants moving to dismiss the complaint are not cognizable

**MEMORANDUM ORDER - 5**

claims.  Plaintiffs have no legal claim against the lawyer or the law firm representing OneWest Bank or Regional Trustee Service Corporation.  Plaintiffs have not alleged any specific acts of fraud or improper conduct by the lawyers or the law firm.  Further, any claims against OneWest Bank or Regional Trustee Service Corporation actions are barred by *res judicata* as these clients were dismissed in the related state court action.  The Court incorporates by referenced it analysis dismissing these defendants in its Memorandum Order, Dkt. No. 36.   Therefore, Plaintiffs attempt to hold the attorney or law firm liable is merely an attempt to circumvent the state court rulings against Plaintiffs.

The Court finds naming Tait and Robinson Tait as defendants is frivolous and without merit.  It appears the Plaintiffs are attempting to harass parties they know they do not have a legal claim against, but who successfully represented certain clients in the related state court.  Plaintiffs have not cited any federal statute that would make the lawyer or law firm liable to Plaintiffs for the alleged improper foreclosure or for not providing access to loan documents.   The Court finds there is no reason to allow Plaintiffs the opportunity to amend their Complaint as it would be futile against these defendants.

The Court finds all the factors weigh in favor of dismissing the action.  The public interest in an expeditious resolution of the litigation is important in this case so the title is clear as to the Star Lane property and litigants who have had their day in court in state court do not get to re-litigate the same issues in federal court.  The Court needs to manage its docket and Plaintiffs have not provided any reason for this Court not to grant the motion to dismiss field by Tait and Robinson Tait.  There is risk of prejudice to Tait

**MEMORANDUM ORDER  - 6**

and Robinson Tait if the doctrine of *res judicata* is not fairly applied by the courts. Plaintiffs have failed to state a cognizable claim against a lawyer or a law firm related to the claims involving the Star Lane property. Finally, the Court is not aware of less drastic sanctions that Plaintiffs are entitled to as a matter of law. Accordingly, the motion to dismiss Tait and Robinson Tait should be granted.

Order

Being fully advised in the premises, the Court hereby orders Tait and Robinson Tait's motion to dismiss (Dkt. No. 41) is GRANTED and all claims against these defendants are DISMISSED IN THEIR ENTIRETY.

DATED: **August 12, 2011**

*Edward J. Lodge*
Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 7**