UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD W. BREINHOLT AND SUSAN L. BREINHOLT,<br><br>         Plaintiffs,<br>   v.<br><br>AEGIS WHOLESALE CORPORATION, a Corporation, ONEWEST BANK, formerly INDYMAC FEDERAL BANK, FSB, a Bank, TRI-COUNTY PROCESS SERVING, LLC, a Limited Liability Corporation, a Corporation, PIONEER LENDER TRUSTEE SERVICES, LLC, a Limited Liability Corporation, MORTGAGE ELECTRONIC REGISTRATION SERVICES (MERS); TITLE ONE CORPORATION, JENNIFER TAIT, ROBINSON TAIT, P.S. (Law Firm) JOHN and JANE DOES IV, CORPORATIONS VI-X, and ABC PARTNERSHIPS XI-XV,<br><br>         Defendants. | Case No. 10-cv-00466-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiffs' "Verified Motion for Hearing to Determine the Court's Jurisdiction Pursuant to FRCP 60(b)(2)(3)(6)." *See* Dkt. 59. Additionally, defendant Tri-County Process Serving LLC has renewed its previously filed motion for attorneys' fees, which this Court denied without prejudice. *See* Dkts. 54, 62. Tri-County

also requests entry of judgment. For the reasons explained below, the Court will deny all pending motions.

## PLAINTIFFS' MOTION FOR RULE 60(b) RELIEF

This Court has dismissed all but one of the defendants in this action.[1] *See Feb. 18, 2011 Order*, Dkt. 36; *Aug. 12, 2011 Order,* Dkt. 52. Plaintiffs seek relief from this Court's dismissal orders under Federal Rule of Civil Procedure 60(b).

Rule 60(b) allows a court to relieve a party from a final judgment, order or proceeding for various reasons, including the following:

- newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

- fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

- any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(2), (3), and (6). Plaintiffs say they are entitled to Rule 60(b) relief for all these reasons, yet they have not specifically explained why this is so. Instead, they focus almost exclusively on their argument that the defendants wrongfully initiated foreclosure proceedings. Plaintiffs' ultimate goal is for this Court to conduct a hearing and require the defendants to prove who, if anyone, has the right to foreclose.

Plaintiffs' arguments are deficient for at least two reasons. First, they are not tethered to Rule 60(b). Second, they are foreclosed by the doctrine of *res judicata*. The Court previously dismissed Breinholt's claims under this doctrine because plaintiffs'

---

[1] Mortgage Electronic Registration Systems (MERS) is the remaining defendant. MERS has filed a motion to dismiss, though it is not yet ripe for adjudication. *See* Dkt. 64.

claims have already been litigated in state court. The Breinholts cannot seek a different result here.

Plaintiffs have put forth two exhibits that post-date the state court foreclosure proceedings. *See Exhibits A and B to Breinholt Aff.*, Dkts. 59-2, 59-3. These documents, however, are not the type of newly discovered evidence that suffices to upset the Court's previous dismissal order. Among other things, the exhibits have no bearing on the *res judicata* concerns that prompted dismissal of the Breinholt's action. Broadly speaking, plaintiffs offer these documents to support their argument that their property cannot be foreclosed upon. Again, this argument was litigated in state court, and cannot be re-litigated here. In sum, plaintiffs' request for Rule 60(b) relief lacks merit and will be denied.

### TRI-COUNTY'S MOTION FOR ATTORNEYS' FEES AND ENTRY OF JUDGMENT

The Court will not direct entry of judgment at this time, however, because plaintiff is still pursuing a defendant in this action. Federal Rule of Civil Procedure 54(b) permits entry of a separate judgment in these situations, but only upon the Court's express determination "that there is no just reason for delay." Fed. R. Civ. P. 54(b). Here, the Court is concerned that if it enters a separate judgment now, the appellate court might be burdened with separate appeals. The better course is to enter judgment only when this case is over as to all defendants.

The Court will deny defendant Tri-County's renewed attorneys' fee motion without prejudice. Tri-County first asked for attorneys' fees after the Court granted Tri-

County's motions to dismiss. *See* Dkt. 54. The Court denied this motion without prejudice, but expressly warned plaintiffs that if they caused Tri-County to incur "*further* attorneys' fees in this action," through frivolous filings, the Court would grant Tri-County leave to file "*second* motions for attorneys fees." *Dec. 6, 2011 Order,* Dkt. 58, at 2 (emphasis added).

The Court was concerned with precisely what happened here – that plaintiffs might cause Tri-County to incur additional fees in the future. But Tri-County's motion does not indicate what additional fees have been incurred. Instead, Tri-County sets forth its pre-dismissal fees. The Court will therefore deny Tri-County's motion, but will again do so without prejudice. If Tri-County elects to renew its request for attorney's fees, it should set forth the costs incurred in defending plaintiffs' Rule 60(b) motion.

## ORDER

1. Plaintiffs' "Verified Motion for Hearing to Determine the Court's Jurisdiction Pursuant to FRCP 60(b)(2)(3)(6)" (Dkt. 59) is **DENIED.**

2. Defendant Tri-County's Renewed Motion for Attorney's Fees and Motion for Entry of Judgment (Dkt. 62) is **DENIED WITHOUT PREJUDICE**.

DATED: **May 2, 2012**

Honorable Edward J. Lodge
U. S. District Judge