UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

RICHARD W. BREINHOLT AND
SUSAN L. BREINHOLT,

              Plaintiffs,

   v.

AEGIS WHOLESALE
CORPORATION, a Corporation,
ONEWEST BANK, formerly
INDYMAC FEDERAL BANK, FSB, a
Bank, TRI-COUNTY PROCESS
SERVING, LLC, a Limited Liability
Corporation, a Corporation, PIONEER
LENDER TRUSTEE SERVICES, LLC,
a Limited Liability Corporation,
MORTGAGE ELECTRONIC
REGISTRATION SERVICES (MERS);
TITLE ONE CORPORATION,
JENNIFER TAIT, ROBINSON TAIT,
P.S. (Law Firm) JOHN and JANE DOES
IV, CORPORATIONS VI-X, and
ABC PARTNERSHIPS XI-XV,

              Defendants.

Case No. 10-cv-00466-EJL

**MEMORANDUM DECISION AND
ORDER**

**INTRODUCTION**

The Court has before it defendant Mortgage Electronic Registration Systems'

(MERS) Motion to Dismiss or, in the Alternative, for a More Definite Statement (Dkt.

64).  Having fully reviewed the record, the Court finds that the facts and legal arguments

are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding

further delay, and because the Court conclusively finds that the decisional process would

not be significantly aided by oral argument, this matter shall be decided without oral

argument.  For the reasons explained below, the Court will grant the motion.

## BACKGROUND

In September 2005, plaintiffs Richard and Susan Breinholt refinanced their home

with a loan from Aegis Wholesale Corporation.  *Compl.,* Dkt. 1, at 20, 25, 38.  The loan

was secured by a deed of trust.  *See id.*  Defendant MERS was named as the beneficiary

under the deed of trust, acting as the "nominee" for Aegis.  *Sept. 1, 2005 Deed of Trust*,

*Ex. 1 to Plaintiff's Response*,[1] Dkt. 67-1, at 1, 2; *see also Compl.* at 25 (referencing the

deed of trust).  Plaintiffs allege that in May 2009, the property was "unlawful[ly]"

foreclosed upon.  *Compl.* at 25.

Within a few weeks of the foreclosure, the Breinholts sued various defendants in

state court.  *Id.* at 20 (referring to the state court complaint at Dkt. 19-6).  There, the

Breinholts alleged that "the Bank" (defined to include IndyMac and its successor,

OneWest) foreclosed, despite having verbally assuring the Breinholts that a loan

modification was in place.  *See State Court Compl.*, Dkt. 19-6, ¶¶ 20, 25, 35.  Further, the

Breinholts said they showed up on the courthouse steps at the time stated in the notice of

trustee's sale because they had a third party lined up to buy the home out of foreclosure.

They waited around for an hour and a half and then left when no one showed up to sell

the property.  *Id.* ¶¶ 27-32.

---

[1] In addition to filing a response, plaintiffs filed a sur-reply (though the sur-reply is labeled as an "Objection to MERS' Motion to Dismiss . . . .").  *See May 16, 2012 Response,* Dkt. 67, and *June 25, 20912* Objection, Dkt. 69.  Although plaintiffs did not obtain permission to file a sur-reply, the Court nonetheless considered it in deciding this motion.

Based on these facts, the Breinholts sought a declaration that the foreclosure sale had either not occurred or, alternatively, was a sham.  They also sought damages for breach of trustee's duties, forgery, fraud, theft, and conspiracy.

On September 10, 2010, the Breinholts brought this action in federal court.  Three days later, on September 13, 2010, the Breinholts stipulated to a dismissal with prejudice of their state court action.

## THE LEGAL STANDARD

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). A complaint generally must satisfy "only the minimal notice pleading requirements" of Federal Rule of Civil Procedure 8(a)(2) to avoid a 12(b)(6) dismissal. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . .'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit Partnership v. Turner Broadcast Sys., Inc*., 135 F.3d 658, 661 (9th Cir.1998) (citation omitted). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.

Finally, under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice.  *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987).  The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment.  *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004).  The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

MERS argues that the complaint should be dismissed because (1) it is barred by *res judicata* principles, and (2) it fails to state any claim upon which relief can be granted. The Court agrees on both counts.

### A.    Dismissal Based on *Res Judicata* Principles

Earlier in this litigation, the Court dismissed defendant OneWest based on *res judicata* principles.  *See Feb. 18, 2011 Order*, Dkt. 36, at 7.  As the Court explained, the

Breinholts have already litigated their claims against OneWest in state court.  *Id.*  MERS was not a named defendant in the state court action but argues that it is "in privity" with OneWest and thus entitled to a *res judicata* dismissal as well.

Generally, *res judicata* "prevents litigants *who were parties in a prior action and those in privity with them* from bringing or having to defend a claim arising from the transaction or series of transactions giving rise to the first suit."  *State Bureau of Child Support v. Knowles*, 919 P.2d 1036, 1038 (1996) (emphasis in original).  More specifically, *res judicata* applies when three elements are met:  (1) the claims are identical; (2) the parties are identical or in privity with each other; and (3) there has been a final judgment on the merits.  *See generally Farmers Nat'l Bank v. Shirey*, 878 P.2d 762, 767 (Idaho 1994).

The Court will not analyze each of these elements here because it has already done so in ruling on OneWest's motion to dismiss.  The narrow question presented by MERS' motion is whether MERS is in privity with OneWest.

"Privity is defined as a mutual or successive relationship to the same property rights, or such an identification in interest of one person with another as to represent the same legal rights."  *Sun Valley Land & Minerals, Inc. v. Burt*, 853 P.2d 607, 614 (Idaho Ct. App. 1993).  Under this definition, the Court is satisfied that MERS and OneWest are in privity with each other.  As noted above, MERS acted as the nominal beneficiary for the lender under the deed of trust and as the agent for the originating lender (Aegis) and the originating lender's successors and assigns.  Although Idaho has not yet decided the issue, other courts have determined that MERS stands in privity with entities that

subsequently acquire a promissory note or deed of trust.  *See Middlebrook v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 6934233, *4 (E.D. Mich. Dec. 30, 2011) (finding MERS in privity with bank to which MERS had assigned mortgage); *Butts v. JP Morgan Chase Bank,* 2011 WL 7109344, *2 (N.D. Tex. Dec. 28, 2011) (finding MERS in privity with Chase Home Finance because MERS was previously the beneficiary under the deed of trust and had assigned the same to Chase Home Finance); *Radford v. U.S. Bank Nat'l Ass'n,* 2011WL 4054863, * 9 (D. Hawai'i Sept. 9, 2011) (finding MERS in privity with bank which was party to prior foreclosure action where MERS had served as nominee to bank's predecessor in interest).  The Court predicts that Idaho courts would agree with these holdings and therefore finds MERS in privity with OneWest for *res judicata* principles.  Accordingly, the Court will dismiss the complaint against MERS

**B.     Dismissal Based on Failure to State a Claim Upon Which Relief Can Be Granted**

The Court also finds that the Breinholts' complaint against MERS should be dismissed because it fails to state a claim upon which relief can be granted.  Bluntly, the complaint is nearly incomprehensible.  It is clear that the Breinholts continue to challenge the foreclosure of their property, just as they did in state court.  But otherwise, the complaint contains almost no evidentiary factual allegations.  Instead, the complaint is mostly filled with legal conclusions, and many of those are obviously irrelevant to this action.  As a result, the complaint fails the most basic command of Rule 8 – MERS does not have fair notice of the specific claims it is facing.  The Court will therefore dismiss the complaint on this additional ground as well.

Finally, the Court will dismiss the complaint against MERS with prejudice.  The Court is cognizant that pro se litigants must be given leave to amend their complaints unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.  *See, e.g., Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987).  In this case, it is clear that the Breinholts will not able to save their complaint with an amendment.  As already explained, they are barred from challenging defendants' ability to foreclose the property on *res judicata* grounds.  They already litigated that issue in state court; thus nothing remains to be litigated here.  The Court will therefore dismiss the complaint with prejudice.

## ORDER

**IT IS ORDERED THAT** Defendants MERS' Motion to Dismiss (Dkt. 64) is **GRANTED**.  Plaintiffs' complaint against MERS is **DISMISSED WITH PREJUDICE.** MERS' Alternative Motion for a More Definite Statement is **MOOT.**

**DATED:  July 11, 2012**

Honorable Edward J. Lodge
U. S. District Judge